■ In the Matter of the Claim of BERNARD GORDON, Respondent, v. INTERNATIONAL EXECUTIVE SERVICE CORPS et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— GREENBLOTT, J. Appeal by the employer and its insurance carrier from a decision of the Workmen's Compensation Board, filed February 29, 1968 and amended July 1, 1968, which held appellant carrier liable for respondent's injuries, resulting in his disability from March 5, 1966 to April 6, 1966. Appellant employer, International Executive Service Corps, hereinafter referred to as IESC, is a nonprofit organization whose main purpose is to assist overseas companies by furnishing managerial and technical assistance. In order to carry out this purpose, appellant recruits executives with specialized training and experience, and sends them on specific projects in foreign countries. On November 16, 1965 respondent and IESC entered into an agreement drafted by IESC in which respondent was designated as " Executive ". He was assigned for a three-month period to Panama to assist in developing business projects. IESC agreed to pay respondent $35 per day if accompanied by his wife — $25 per day if alone — for his " reasonable living expenses ". In addition, he was to be paid his round trip air travel, out-of-pocket expenditures and provided the use of an automobile. The contract contained certain specific provisions, binding respondent to devote his full working time to the assigned project, to work exclusively for the company to which he was assigned and not to make his services available to any other commercial enterprise. In addition, the contract contained a detailed termination provision that IESC could terminate the contract at any time for cause without notice, and at any time without cause on notice. Respondent could not terminate the relationship for 30 days after the commencement of the assigned period. Thereafter, 14 days' notice of termination was required. At the time the contract was executed, respondent was given a written statement of insurance coverage which advised him that he was subject to the " statutory benefits of the Workmen's Compensation Laws of New York State ". When respondent commenced work, he was covered by workmen's compensation insurance. However, effective December 30, 1965 IESC dropped workmen's compensation coverage for " Volunteer personnel and their wives ". Appellants concede that respondent was never notified of this change in insurance coverage. Respondent was sent to Panama and worked there from November 20, 1965 to December 24, 1965 and from February 10, 1966 to March 5, 1966. On February 11, 1966 he sustained injuries to his neck and left shoulder when his chair gave way beneath him and he fell to the ground. On this appeal, appellants contend that (1) respondent was not an employee within the meaning of the Workmen's Compensation Law; (2) he was not covered by the insurance policy in question but specifically excluded; and (3) the carrier was not required to cover respondent with workmen's compensation insurance. Group 18 of subdivision 1 of section 3 of the Work-

men's Compensation Law excludes from mandatory coverage employment in a " Teaching or nonmanual capacity in or for a religious, charitable or educational institution ". Appellants argue that group 18 exempts IESC from having to provide workmen's compensation insurance for respondent. An employer, claiming exemption from liability under the statute, assumes the burden of establishing that it does not come within its provisions. The record is devoid of such proof, differentiating this case from *Matter of Camphill Vil., U. S. A.* v. *Workmen's Compensation Bd.* (23 N Y 2d 202), upon which appellants mistakenly rely. However, assuming *arguendo*, that IESC is that type of organization referred to in group 18, appellants have overlooked group 19, which specifically provides: " An employer may bring an employment that is not listed in this section within the coverage of this chapter by securing compensation to his employee or employees engaged in such employment in accordance with section fifty of this chapter." IESC elected to secure compensation coverage for some of its employees. By electing to provide workmen's compensation insurance for certain of its personnel, appellants are bound by the provisions of subdivision 4 of section 54, which provide in part: " Every such contract or agreement of insurance issued by an insurance carrier covering the liability of an employer for the payment of compensation  *  *  * provided by this chapter *shall be deemed to include all employees* of the employer employed at or in connection with the business of the employer carried on, maintained, or operated at the location or locations set forth in such contract or agreement ". (Emphasis supplied.) The crucial issue relates to respondent's employment status. The board found that the IESC " directed, supervised and controlled claimant's work activities  *  *  * and that such supervision, direction and control, constituted an employer-employee relationship ". It is undisputed that a written contractual relationship existed between respondent and IESC, whereby respondent bound himself to give his exclusive, full-time services to IESC for a period of three months, to adhere to the terms of the contract and to restrain from investing funds in any business of the host country without the written consent of IESC. In addition, the contract contained a specific termination provision. These obligations do not spell out a voluntary rendition of services by respondent. Prior to December 31, 1965, IESC provided workmen's compensation insurance coverage for all of its personnel, including respondent. This constitutes evidence that the IESC considered those in claimant's position to be employees. The record contains sufficient evidence to sustain the board's decision. Decision affirmed, with costs to the Workmen's Compensation Board. Gibson, P. J., Herlihy, Reynolds, Aulisi and Greenblott, JJ., concur in memorandum by Greenblott, J.